```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
TRANSMODAL CORPORATION,                  :
                                         :    09 Civ. 10497 (DLC)
              Plaintiff,                 :
                                         :    MEMORANDUM OPINION
         -v-                             :        AND ORDER
                                         :
SCOTT PIANIN, individually, and d/b/a    :
SE APPAREL, WORLD WIDE SOURCING, LLC,    :
SRP APPAREL GROUP, INC. and DOES A       :
THROUGH Z, intended to be fictitious     :
persons and/or entities whose            :
capacities are currently unknown,        :
                                         :
              Defendants.                :
                                         :
----------------------------------------:
                                         :
SCOTT PIANIN and SRP APPAREL GROUP,      :
INC.,                                    :
              Third-Party Plaintiffs,    :
                                         :
         -v-                             :
                                         :
EMH ASSOCIATES, INC. and ELI HAZAN,      :
                                         :
              Third-Party Defendants.    :
----------------------------------------X
```

Appearances:

For third-party plaintiffs Scott Pianin and SRP Apparel Group, Inc.:
Kenneth J. Rubinstein
Carmen A. Bauman
Haynes and Boone, LLP
1221 Avenue of the Americas, 26th Floor
New York, NY 10020

For third-party defendant Eli Hazan:
Jed R. Schlacter
Schlacter & Associates
450 Seventh Avenue
New York, NY 10123

DENISE COTE, District Judge:

In their third-party complaint, third-party plaintiffs Scott Pianin and SRP Apparel Group, Inc. allege one claim of contribution and indemnity against EMH Associates, Inc. and Eli Hazan ("Hazan"). On March 29, 2010, Hazan filed a motion to dismiss the third-party complaint for failure to state a claim; the motion was fully submitted on April 30. The motion to dismiss is granted in part.

Under New York law,[1] the cause of action for contribution is statutory: "[T]wo or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. C.P.L.R. § 1401. "Contribution enables a joint tortfeasor that has paid more than its equitable share of damages to recover the excess from the other tortfeasors." Sommer v. Fed. Signal Corp., 593 N.E.2d 1365, 1372 (N.Y. 1992). The right to contribution among alleged multiple tortfeasors arises when they each owe a duty to the plaintiff, "and by breaching their

---

[1] The motion to dismiss does not cite any law on contribution or indemnification. The opposition relies on New York law on these subjects. The reply does not address the cases cited in the opposition. This implied consent to using New York law "is sufficient to establish choice of law." Santalucia v. Sebright Transp., Inc., 232 F.3d 293, 296 (2d Cir. 2000) (citation omitted).

respective duties contributed to [the plaintiff's] ultimate injuries." Id. at 1373 (citation omitted).  The third-party plaintiffs have stated a claim for contribution against Hazan.

Indemnity is predicated on "vicarious liability without actual fault on the part of the proposed indemnitee."  Monaghan v. SZS 33 Assocs., L.P., 73 F.3d 1276, 1285 (2d Cir. 1996).  See also Gen. Star Nat. Ins. Co. v. Universal Fabricators, Inc., 585 F.3d 662, 673 (2d Cir. 2009).  Indemnity shifts all liability to the negligent party.  Guzman v. Haven Housing Development Fund Co., Inc., 509 N.E.2d 51, 54 (N.Y. 1987).  "[A]n indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to plaintiff and also if some duty to indemnify exists between them."  Rosado v. Proctor & Schwartz, Inc., 484 N.E.2d 1354, 1356 (N.Y. 1985) (citation omitted).  A duty to indemnify arises out of a contract, "which may be express or may be implied in law."  Id.  The third-party plaintiffs have not alleged an express duty to indemnify.  To state a claim for implied indemnification, a party must allege a special relationship with the potential indemnitee that gives rise to an implied duty to indemnify.  Triguero v. Consol. Rail Corp., 932 F.2d 95, 102 (2d Cir. 1991).  Neither the third-party complaint nor Pianin's brief in opposition to this motion identifies the special relationship

between Pianin and Hazan that purportedly gives rise to the implied duty of indemnification.

CONCLUSION

Hazan's March 29 motion to dismiss the claim for indemnification is granted; the motion to dismiss the claim for contribution is denied.

SO ORDERED:

Dated:   New York, New York
         June 30, 2010

                                    _____
                                            DENISE COTE
                                    United States District Judge